IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES M. LAMBERT**<br>*on behalf of himself and all others similarly situated*,<br>Plaintiffs,<br><br>v<br><br>**HIGHLANDS HOSPITAL,**<br>Defendant. | )<br>)<br>)<br>) 2:12-cv-733<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the Court is DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Document No. 9). The motion has been thoroughly briefed by both sides (Document Nos. 10, 15, 16, 20) and is ripe for disposition.

Factual and Procedural Background

Plaintiff James Lambert, on behalf of himself and a class of others similarly situated, asserts a claim against Defendant Highlands Hospital (the Hospital) under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 et seq. Specifically, Lambert contends that he is entitled to overtime pay for hours worked in excess of 40 hours per week as a Radiologic Technologist. Lambert alleges that the Hospital implements a so-called "8/80" schedule, which allows an employer to avoid paying overtime so long as the employee does not exceed 80 combined hours in a two-week period. Lambert acknowledges that the "8/80" schedule is permissible under the federal Fair Labor Standards Act ("FLSA"), but contends that such a practice violates Pennsylvania law, as reflected in the PMWA. The Amended Complaint avers that Lambert is a member of a union, and that the union and Hospital had entered into collective bargaining agreements ("CBAs") for the time periods at issue in this case.

1

Lambert and the Hospital are both residents of Pennsylvania and Plaintiff's claim is based on a Pennsylvania law. The case was originally filed in the Court of Common Pleas of Fayette County, Pennsylvania (the "State Court"). On June 1, 2012, the Hospital filed a timely Notice of Removal to this Court. The Hospital contends that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) because this action arises under a law of the United States. Specifically, the Hospital asserts that "Plaintiff's claim requires interpretation of the CBA and is, therefore, preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185."

Legal Analysis

As an initial matter, the Court has a non-delegable duty to confirm that it may properly exercise subject-matter jurisdiction. As the parties have not addressed this issue, other than the conclusory statement in the Notice of Removal, the Court has raised it sua sponte. The removing party bears a heavy burden to show, at all stages of the litigation, that the case is properly before the federal court. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

If this case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 was improper. *Kline v. Security Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004) (citations omitted). The presence or absence of federal-question jurisdiction is generally governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists

only when a federal question is presented on the face of the properly pleaded complaint. Plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. However, there is an "independent corollary" to the well-pleaded complaint rule, which is referred to as the "complete preemption" doctrine. In *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987), the Supreme Court articulated this doctrine as follows:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. [ v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ]. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. *See Franchise Tax Board, supra*, 463 U.S. at 24, 103 S.Ct. at 2854 ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

The federal law cited by the Hospital in this case, LMRA § 301, 29 U.S.C. § 185, has been held to be of complete preemptive force. *See Franchise Tax Bd.*, 463 U.S. at 23. The statute provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

There has been substantial jurisprudence regarding the contours of the LMRA complete preemption doctrine. "When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." On the other hand, "it would be inconsistent with congressional intent under [§ 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a

3

labor contract." *See Kline* at 252-253 (citing *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)). Employees have the option of vindicating their interests by means of an action brought under state law, as long as the state-law action as pleaded does not require interpretation of the collective bargaining agreement. In *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 409-410 (1988), the United States Supreme Court determined whether the state law claim was preempted by examining whether the elements of the prima facie case required interpretation of the CBA and explained:

> § 301 pre-emption merely ensures that federal law will be the basis for interpreting collective-bargaining agreements, and says nothing about the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of [collective-bargaining] agreements. In other words, even if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 preemption purposes.

In *Lividas v. Bradshaw*, 512 U.S. 107, 122-24 (1994) (involving an employee's claim under state law for late payment of wages), the Supreme Court further clarified that state law claims are not necessarily preempted even if the CBA will be referenced in the case:

> § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law, and we stressed that it is the legal character of a claim, as "independent" of rights under the collective-bargaining agreement (and not whether a grievance arising from "precisely the same set of facts" could be pursued) that decides whether a state cause of action may go forward. Finally, we were clear that when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.

Phrased another way, "when liability is governed by independent state law, the mere need to "look to" the collective-bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301." *Id*. at 124–25. Substantive employment rights can exist

4

under state law which do not require an interpretation of a CBA, and claims to enforce such independent rights are not completely preempted by the LMRA. *See Kline,* 386 F.3d at 254-56.

Moreover, there is an important distinction between a preemption <u>defense</u>, and the type of complete preemption which supports the existence of subject matter jurisdiction in a federal court. If an employer alleges a conflict between the state law and federal law, it may assert – as a defense – that the state law is preempted. Indeed, it appears that the Hospital is asserting such a preemption defense in this case, based on the apparent inconsistency between the PMWA and the FLSA.[1] As explained in *Kline*, "Such preemption, however, is not the type of complete preemption that would provide Defendants with a basis for federal question jurisdiction." Similarly, in *Caterpillar*, the United States Supreme Court explained:

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

482 U.S. at 398-99 (emphasis in original).

Applying these principles to the facts and circumstances of this case, the Court concludes that removal was improper. This case does not fall within the scope of the LMRA complete preemption doctrine. Plaintiff Lambert is asserting a claim based on substantive rights allegedly provided by a Pennsylvania statute, the PMWA. His claim is not based on rights or duties

---

[1] In *Burkhart-Deal v. Citifinancial, Inc.*, 2008 WL 4793749 (W.D. Pa. 2008), the Court concluded that the FLSA does not completely preempt state law class actions for violations of state wage laws.

5

created by the CBA and does not require interpretation of the terms of the CBA. It is the Defendant Hospital who relies on the CBA and asserts federal law (the FLSA) as a preemption defense to Lambert's claim.[2] In other words, Plaintiff is not alleging a "violation of contracts between an employer and a labor organization" within the scope of LMRA § 301. Indeed, Lambert concedes that the Hospital is correctly applying the CBA. Instead, Lambert claims that the Hospital is violating his independent substantive rights under the PMWA. The anticipatory references in the Amended Complaint to the CBA do not change this conclusion. *See Caterpillar*, 482 U.S. at 393 ("it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Under the facts and circumstances of this case, the Supreme Court has held that it would be inconsistent with Congress' intent under § 301 to find complete preemption. Accordingly, the removal of this case by the Hospital was improper. The Court lacks subject-matter jurisdiction over this state law claim between citizens of Pennsylvania and it will be remanded to the Court of Common Pleas of Fayette County, Pennsylvania forthwith.

    An appropriate Order follows.

                                                         McVerry, J.

---

[2] This Court does not reach, and expresses no opinion, as to the validity of the Hospital's preemption defense.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES M. LAMBERT** *on behalf of himself and all others similarly situated*, Plaintiffs, v. **HIGHLANDS HOSPITAL,** Defendant. | 2:12-cv-733 |

### ORDER OF COURT

AND NOW, this 5th day of October, 2012, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Document No. 9) is **DENIED WITHOUT PREJUDICE** because the Court lacks subject-matter jurisdiction. This case is hereby **REMANDED** forthwith to the Court of Common Pleas of Fayette County, Pennsylvania.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **John R. Linkosky, Esquire**
Email: linklaw@comcast.net
**Joseph H. Chivers, Esquire**
Email: jchivers@employmentrightsgroup.com

**Kelly K. Iverson, Esquire**
Email: kiverson@cohenlaw.com